O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO PALMA GUTIERREZ, | ) | CASE NO. CV 12-6027 GHK (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| RON BARNES, Warden, | ) | |
| Respondent. | ) | |

The Court will dismiss this habeas action summarily because Petitioner expressly states that he currently has at least one pending state-court challenge to his conviction or sentence.

## I.

## INTRODUCTION

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Here, the petition is unexhausted, as explained below, in that Petitioner already has a pending state-court challenge to the conviction that is targeted here.

## II.

## APPLICABLE EXHAUSTION LAW

### A. The General Rule Requiring Pre-Filing Exhaustion Of Claims

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). However, in the usual case, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

### B. The *Sherwood* Doctrine Barring Parallel Proceedings

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal

of the conviction for some other reason, thereby rendering the federal petition moot. *Id*. (citations omitted).

A petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

The Supreme Court may have recognized a partial exception where (1) a petitioner begins pursuing a new, thus-far unexhausted claim in the state courts, (2) at a time when the petitioner's one-year federal limitations period for seeking habeas relief, *see generally* 28 U.S.C. § 2244(d), is close to expiration. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In some such circumstances, it may be permissible to file a "protective petition" in federal court, and to ask for a stay of the federal action for good cause, while the petitioner exhausts the new claims – and potentially obtains relief – in the state court system. *Id*. (citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (requiring "good cause" for exceptional "stay and abeyance" of petition that includes both exhausted and unexhausted claims)).

# III.

# DISCUSSION

Petitioner is challenging a 2009 murder conviction with gun and gang enhancements. Pet. ¶ 2. But he admits that he has a state habeas petition pending in the trial court. *Id.* ¶ 6(a). That petition presumably presents his current Claim 4, Ineffective Assistance of Counsel, for Petitioner also admits that that claim is unexhausted. *Id.* ¶ 7(d)(3), (4). Absent an exception, the *Sherwood* doctrine plainly requires dismissal.

*Pace*'s limited exception does not apply here. Petitioner appears to have about three months remaining in his one-year limitations period for commencing this action. The face of the petition suggests that Petitioner's limitations period will not expire until October 2012 – a year after his conviction became final – even if he benefits from no tolling. (His conviction became final, and his one-year limitations period thus likely began, after October 26, 2011. On that date, his 90-day period for seeking *certiorari* to challenge the California Supreme Court's July 27, 2011 rejection of direct-review relief expired. *See* SUP. CT. R. 13.1.) Moreover, Petitioner currently *is* benefitting from tolling. So long as he diligently pursues his new claim in the state trial court, California Court of Appeal and California Supreme Court, he enjoys statutory tolling of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Thus, if Petitioner proceeds with alacrity in exhausting his new claim in the state courts (and, thereafter, in returning to this federal court), he appears to be in no danger from the statute of limitations. On the contrary, he has about three months left now and, with prompt pursuit of his remedies, still will have about three months remaining upon returning to this Court. The extraordinary allowance of a "protective petition," let alone a stay, therefore is unwarranted.

///
///
///
///

For the foregoing reasons, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: 7/25/12

                                                GEORGE H. KING
                                    UNITED STATES DISTRICT JUDGE